UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANTON BARRETT

VERSUS

STEVEN COMEAUX, STATE FARM
INSURANCE CO., NORTH CAROLINA
FARM BUREAU MUTUAL INSURANCE
COMPANY

CIVIL ACTION

NO.  3:13-cv-00186-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANTON BARRETT

VERSUS

STEVEN COMEAUX, STATE FARM
INSURANCE CO., NORTH CAROLINA
FARM BUREAU MUTUAL INSURANCE
COMPANY

CIVIL ACTION

NO.  3:13-cv-00186-BAJ-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the court on referral from the district judge of the plaintiff's Motion to Remand (R. Doc. 4).[1] The motion is opposed (R. Doc. 6). The action was removed based upon diversity jurisdiction under 28 U.S.C. § 1332 (R. Doc. 1). The two issues before the court are whether the plaintiff's citizenship destroys complete diversity between the parties and whether the Louisiana Direct Action Statute bars removal.

**Background**

The plaintiff filed his Petition in the 19th Judicial District, Parish of East Baton Rouge, State of Louisiana on March 21, 2012, alleging that his 2011 Land Rover was negligently struck by a Ford F150 driven by defendant Steven Comeaux (R. Doc. 1-2 at 1). The plaintiff alleges that he is entitled to recover property damage to his vehicle, the diminished value of his vehicle, loss of use of his vehicle, and bad faith settlement based upon defendant State Farm Insurance Co.'s refusal to pay the plaintiff's claim (R. Doc. 1-2 at 2). The plaintiff also named as a defendant his uninsured/underinsured (UM) motorist insurer, North Carolina Farm Bureau Mutual Insurance Co. ("Farm Bureau"). The plaintiff alleges that Farm Bureau "knowingly,

---

[1] The plaintiff filed a memorandum entitled "Opposition to Removal" (R. Doc. 4). The court is treating the memorandum as a motion to remand (R. Doc. 5).

1

intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms of the policy of insurance issued to him failed to total his vehicle resulting in loss" (R. Doc. 1-2 at 3).

On or about March 14, 2013, the state court issued a judgment of partial dismissal ordering defendants Steven Comeaux and State Farm Insurance Co. dismissed from the action (R. Doc. 4 at 1). Thus, the only remaining parties are the plaintiff and Farm Bureau, the plaintiff's insurance carrier.

Farm Bureau removed the proceeding on March 21, 2013 (R. Doc. 1). In the notice of removal, Farm Bureau submits that the value of the plaintiff's Land Rover exceeds $75,000.[2] Farm Bureau asserts that there is complete diversity between the parties because the plaintiff is a citizen of Louisiana and Farm Bureau is a citizen of North Carolina (R. Doc. 1 at 3).[3]

**Arguments of the Parties**

In his motion to remand, the plaintiff states that he "maintains a residence in Louisiana" but "also maintains a residence in North Carolina, pays his federal Individual Income Tax from North Carolina and has businesses in North Carolina" (R. Doc. 4 at 2). Based on these assertions, the plaintiff claims he "may easily be considered a citizen of North Carolina which would defeat jurisdiction under 28 US.C. Section 1332" (R. Doc. 4 at 2). In addition, the plaintiff argues that the "Louisiana Direct Action statute would allow jurisdiction to fall under

---

[2] The plaintiff does not challenge that the amount in controversy has been satisfied. The Petition alleges "that the 2011 [Land Rover] acquired damage that was over and above 75% of its value, and was not totaled properly" by Farm Bureau (R. Doc. 1-2 at 3). It appears that the plaintiff's claims encompass the total value of the 2011 Land Rover, in addition to damages for loss of use and bad faith settlement. Other than Farm Bureau's assertion that the value of the Land Rover exceeds $75,000, no other evidence is before the Court. Should it be determined that diversity of citizenship is present, additional briefing may be ordered *sua sponte* by the court to determine whether the amount in controversy is satisfied.

[3] According to its amended notice of removal, Farm Bureau has its principal place of business in North Carolina and is incorporated in North Carolina (R. Doc. 10).

2

the State Court" (R. Doc. 4 at 3). The plaintiff claims that his action against Farm Bureau falls under the scope of the Louisiana Direct Action statute. Furthermore, although not explicitly argued, it appears that the plaintiff is claiming that complete diversity of citizenship is destroyed under 28 U.S.C. § 1332(c)(1)(A), which provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of" every state of which the insured is a citizen.

In response, Farm Bureau states that it properly alleged the citizenship of both parties in its notice of removal (R. Doc. 6 at 1). Farm Bureau alleges in its notice of removal that "[plaintiff] Barrett is a Louisiana citizen and Farm Bureau is a citizen of North Carolina" (R. Doc. 1 at 3). Farm Bureau also argues that the Louisiana Direct Action statute is inapplicable because it "governs a plaintiff's right to bring a suit directly against [a] third party tortfeasor's insurer" and Farm Bureau is the plaintiff's insurer (R. Doc. 6 at 3).

## Law & Analysis

### I. Citizenship of the Plaintiff

"In order for a federal court to assert diversity jurisdiction, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991) (citations omitted). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.,* 841 F.2d 1254, 1258-59. "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.' " *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

3

"Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford*, 945 F.2d at 805.

For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key. *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980); *see also Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("[W]ith few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile."). The Fifth Circuit considers a variety of factors in determining a party's domicile, and therefore citizenship:

> No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury*, 85 F.3d at 251.

The plaintiff states in his petition that he is "domiciled in the parish of East Baton Rouge, State of Louisiana" (R. Doc. 1-2 at 1). In his motion to remand, however, the plaintiff states that although he "maintains a residence in Louisiana and pled such in his original petition," he also "maintains a residence in North Carolina, pays his federal Individual Income Tax from North Carolina and has businesses in North Carolina" (R. Doc. 4 at 2). Accordingly, the plaintiff argues he "may easily be considered a citizen of North Carolina which would defeat jurisdiction under 28 U.S.C. Section 1332" (R. Doc. 4 at 2).

Farm Bureau responds by arguing that it has properly alleged that the plaintiff is a citizen of Louisiana (R. Doc. 6 at 1-2). Farm Bureau states that the "record reflects that [the plaintiff's] domicile is Louisiana" (R. Doc. 6 at 2). Farm Bureau also states that the plaintiff has alleged he is "a Louisiana resident" in his petition and that he also "has been issued a Louisiana Driver's License, the automobile at issue is licensed and registered in Louisiana, [and] upon information

and belief the garaging address for said vehicle is in Louisiana and [the] vehicle is primarily used in Louisiana" (R. Doc. 6 at 2).

Neither party has submitted an affidavit in support of the additional allegations of jurisdictional facts relevant to determining the citizenship of the plaintiff. Both parties state that the plaintiff resides in Louisiana, but the touchstone for citizenship is the plaintiff's domicile, not residence. *See Combee*, 615 F.2d at 700; *Coury*, 85 F.3d at 249. As stated above, the plaintiff alleged in his petition that he is domiciled in Louisiana. Furthermore, Farm Bureau properly alleged in the Notice of Removal that the plaintiff is a citizen of Louisiana. Farm Bureau has, therefore, met its burden of establishing the plaintiff's citizenship based on the allegations in the petition.

Even assuming the court could consider additional facts submitted by the parties without supporting affidavits, the court would reach the same conclusion. Farm Bureau alleges that the plaintiff has been issued a Louisiana Driver's License, registered the automobile at issue in Louisiana, and garages and uses the vehicle primarily in Louisiana. These alleged facts support the conclusion that the plaintiff is domiciled in, and therefore a citizen of, Louisiana. The plaintiff's allegations are relevant factors for determining his domicile, but do not diminish his admission in the petition that he is domiciled in Louisiana. At most, the plaintiff's allegations establish that the plaintiff maintains an additional residence in North Carolina.

The court concludes that the plaintiff is a citizen of Louisiana for the purpose of determining diversity jurisdiction and complete diversity is satisfied under 28 U.S.C. § 1332(a).

## II.     Louisiana Direct Action Statute

The plaintiff argues that this court lacks jurisdiction in light of the Louisiana Direct Action statute, La. R.S. 22:1269.[4]  The plaintiff claims that the Louisiana Direct Action statute applies to its action against Farm Bureau, its own insurer.  Although not explicitly invoked, it appears that the plaintiff is further claiming that complete diversity is destroyed in light of 28 U.S.C. § 1332(c)(1)(A), which provides in pertinent part:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—every State and foreign state of which the insured is a citizen . . . .

28 U.S.C. § 1332(c)(1)(A).  If the Louisiana Direct Action statute applies to the plaintiff's action against Farm Bureau, then Farm Bureau will be deemed a citizen of Louisiana and complete diversity will be destroyed.

The Louisiana Direct Action Statute does not apply, however, to the plaintiff's action against Farm Bureau, which is a contract dispute regarding coverage under the plaintiff's own policy.  The Louisiana Direct Action Statute "applies only to liability actions and not to contract disputes." *Hull v. Allstate Ins. Co., Inc.*, 682 F. Supp. 867, 868 (M.D. La. 1988) (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985)).  The Louisiana Direct Action statute "does not apply to actions such as this where an insured seeks recovery under its own . . . insurance policy." *Hull*, 682 F. Supp. at 868.  Because Farm Bureau, the only remaining defendant, is the plaintiff's insurer, Section 1332(c) "does not apply under the facts of this case." *Id.*  Accordingly, Section 1332(c) does not "de-activate diversity in this case." *Holland*, 777 F.2d at 995.

---

[4] This statute is formerly cited as La. R.S. 22:655.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 4, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**